**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| 11 TERMINATED DOJ IMMIGRATION JUDGES CONSOLIDATION, Appellant, | DOCKET NUMBER CF-0752-26-0097-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, Agency. | DATE: May 11, 2026 |
| and | |
| DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT, Intervenor. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michelle F. Bercovici, Esquire, Kristin Alden, Esquire, Michael Ceja Martinez, Esquire, James Eisenmann, Esquire, Elena Goldstein, Esquire, and Shomar Searchwell, Esquire, Washington, D.C., for Consolidated Appellants 1-10.

Michael Paul Ellement, Esquire, and Charlotte Hannah Schwartz, Esquire, Washington, D.C., for Consolidated Appellant 11 (Morwood).

Matthew T. Pizzo, Esquire, and Robert Ley, Esquire, Falls Church, Virginia, for the agency.

Peter Chickris, Esquire, Falls Church, Virginia, for the agency.

Lourdes M. Guillaume, Esquire, New York, New York, for the agency.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

P. Alexander Ehler, Esquire, and Jordan L. Perkins, Esquire,
    Zachary Carstens, Esquire, Washington, D.C., for the intervenor.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

These cases are before the Board on the appellants' petitions for review of the initial decisions, which dismissed their termination appeals for lack of jurisdiction. We have consolidated these cases under MSPB Docket No. CF-0752-26-0097-I-1[2] because we have determined that doing so will expedite their processing and not adversely affect the parties' interests. 5 C.F.R. § 1201.36(a)(1). For the reasons set forth below, we DENY the petitions for review, VACATE the initial decisions, and DISMISS the appeals for lack of jurisdiction because the Attorney General's exercise of constitutional Article II removal authority in relation to these appellants—whom we determine, based on their duties, are inferior officers who exercise significant adjudicative and policymaking authorities on behalf of the United States—abrogates otherwise-applicable statutory and regulatory removal protections and thus deprives the Board of jurisdiction.

## BACKGROUND[3]

Between December 15, 2024, and January 12, 2025, the Department of Justice (the agency) appointed the appellants to the excepted-service position of

---

[2] Appellant Morwood has a separate appeal pending before the Board, *Morwood v. Department of Justice*, MSPB Docket No. SF-4324-25-0710-I-1. The Board will issue a separate decision in that appeal.

[3] This order uses abbreviated citations. Full citations are located in Appendix A.

Immigration Judge on time-limited appointments not to exceed 24 months.[4] The agency terminated the appellants on February 14, 2025.[5] Each appellant filed a Board appeal challenging their separation. The appellants alleged, among other things, that the Board had jurisdiction over their separations because they were subjected to a reduction in force (RIF) pursuant to the regulations at 5 C.F.R. part 351.[6] The appellants also asserted that the Board had jurisdiction over their appeals pursuant to 5 U.S.C. chapter 75. The administrative judge issued jurisdictional orders in each case, to which the appellants and the agency responded. Pursuant to 5 U.S.C. § 7701(d)(1), the Director of the Office of Personnel Management (OPM) intervened in each of the appellants' cases. OPM filed substantive briefs in some of the appellants' cases. OPM and the agency asserted that the Attorney General and/or the President is empowered by Article II of the Constitution to remove Immigration Judges without restriction.

The administrative judge issued initial decisions in each appeal finding that the appellants did not nonfrivolously allege that they are "employees" as defined in 5 U.S.C. chapter 75 or that their separations fall within the Board's RIF jurisdiction. He explained that the Board is without authority to determine the constitutionality of statutes but noted that the agency and OPM's Article II arguments were preserved for judicial review. Each appellant has filed a petition

---

[4] *Urraca* IAF, Tab 24 at 24-26; *Acosta* IAF, Tab 17 at 54; *Crockett* IAF, Tab 22 at 28-29; *Uzoka* IAF, Tab 22 at 27-28; *Morwood* IAF, Tab 1 at 7-8; *Ybarra* IAF, Tab 25 at 21-22; *Tobosa-Smit* IAF, Tab 13 at 26; *McDowell* IAF, Tab 30 at 27-28; *Lasseur* IAF, Tab 20 at 28-29; *De Armas* IAF, Tab 14 at 24-26; *Doyle* IAF, Tab 13 at 23-24.

[5] *Urraca* IAF, Tab 24 at 17; *Acosta* IAF, Tab 17 at 52; *Crockett* IAF, Tab 6 at 19; *Uzoka* IAF, Tab 2 at 4; *Morwood* IAF, Tab 15 at 31; *Ybarra* IAF, Tab 1 at 6; *Tobosa-Smit* IAF, Tab 1 at 23; *McDowell* IAF, Tab 30 at 17; *Lasseur* IAF, Tab 1 at 6; *De Armas* IAF, Tab 1 at 23; *Doyle* IAF, Tab 1 at 19.

[6] On February 10, 2026, the Office of Personnel Management (OPM) issued a proposed rule that would provide OPM with jurisdiction over RIF cases instead of the Board. Reduction in Force Appeals, 91 Fed. Reg. 5861 (proposed Feb. 10, 2026) (to be codified at 5 C.F.R. pt. 351). The rule is not yet final and, as proposed, it is not retroactive and does not affect this appeal.

for review. In each case, the agency has filed responses and the appellants have filed replies.

## DISCUSSION OF ARGUMENTS ON REVIEW

After the initial decisions were issued, the Board issued a precedential decision in *Jackler and Jaroch Consolidation v. Department of Justice*, 2026 MSPB 3, in which the Board held that it could consider the agency's "as-applied" constitutional challenge regarding statutory removal protections for the appellants, *id.*, ¶¶ 14-20. There, the Board found that it lacks authority to review the Attorney General's exercise of Article II authority to remove certain inferior officers, including Immigration Judges. *Id.*, ¶¶ 21-31. Thus, it concluded that Immigration Judges are removable at will and the Constitution prohibits the Board from reviewing any aspect of their removals. *Id.*, ¶¶ 24-25, 30. The appellants here held materially identical positions to those analyzed in *Jackler and Jaroch*.[7] *Id.*, ¶¶ 3-4. Thus, we find that the result in these appeals must be the same, and the Board lacks jurisdiction over the appellants' claims that the agency violated 5 U.S.C. chapter 75 and RIF regulations at 5 C.F.R. part 351 when effecting their separations.[8]

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review

---

[7] Although the appellants in *Jackler and Jaroch* held the position of Assistant Chief Immigration Judge, the Board analyzed the statutory functions of the Immigration Judge position generally. 2026 MSPB 3, ¶¶ 2-4 (discussing 8 U.S.C. § 1229a). Thus, we find no basis to distinguish *Jackler and Jaroch* based on the positions held by the appellants.

[8] Because we find that dismissal is warranted for lack of jurisdiction, we deny the agency's motions to submit additional pleadings on review, filed in several of the matters that are part of this consolidation.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive

this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals

of competent jurisdiction.[10]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

**APPENDIX A**

1. Lanny James Acosta
2. Kerrie Samantha Crockett
3. Marva De Armas
4. Kerry E. Doyle
5. Crystal Lasseur
6. Karen Collette McDowell
7. Stephanie Tobosa-Smit
8. Yaniris Urraca
9. Uchenna Mary-Anne Uzoka
10. Jesus Ybarra
11. Dion A. Morwood

**CITATIONS**

1. *Acosta v. Department of Justice*, MSPB Docket No. DA-0752-25-0936-I-1, Initial Appeal File (*Acosta* IAF);

2. *Crockett v. Department of Justice*, MSPB Docket No. DA-0752-25-0808-I-1, Initial Appeal File (*Crockett* IAF);

3. *De Armas v. Department of Justice*, MSPB Docket No. AT-0752-25-1687-I-1, Initial Appeal File (*De Armas* IAF);

4. *Doyle v. Department of Justice*, MSPB Docket No. AT-0752-25-1689-I-1, Initial Appeal File (*Doyle* IAF);

5. *Lasseur v. Department of Justice*, MSPB Docket No. AT-0752-25-1390-I-1, Initial Appeal File (*Lasseur* IAF);

6. *McDowell v. Department of Justice*, MSPB Docket No. SF-0752-25-0819-I-1, Initial Appeal File (*McDowell* IAF);

7. *Tobosa-Smit v. Department of Justice*, MSPB Docket No. AT-0752-25-1688-I-1, Initial Appeal File (*Tobosa-Smit* IAF);

8. *Urraca v. Department of Justice*, MSPB Docket No. PH-0752-25-1142-I-1, Initial Appeal File (*Urraca* IAF);

9. *Uzoka v. Department of Justice*, MSPB Docket No. AT-0752-25-1356-I-1, Initial Appeal File (*Uzoka* IAF);

10. *Ybarra v. Department of Justice*, MSPB Docket No. DA-0752-25-0776-I-1, Initial Appeal File (*Ybarra* IAF);

11. *Morwood v. Department of Justice*, MSPB Docket No. SF-0752-25-0345-I-1, Initial Appeal File (*Morwood* IAF).